UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 20-60928-CIV-CANNON/HUNT

**SAMUEL ROBERTS,**

    Petitioner,

v.

**RICKY D. DIXON, SECRETARY,
FLORIDA DEPARTMENT OF CORRECTIONS,**

    Respondent.[1]
_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION [ECF No. 27] AND CLOSING CASE

**THIS CAUSE** comes before the Court on Magistrate Judge Patrick M. Hunt's Report, entered on May 3, 2023 (the "Report") [ECF No. 27]. On May 8, 2020, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, raising four grounds for relief [ECF No. 1]. The Court referred Petitioner's Section 2254 petition to Magistrate Judge Hunt for a Report and Recommendation [ECF No. 10]. In his Report, Judge Hunt recommends that the Petition be denied on the merits [ECF No. 27]. Petitioner timely filed Objections to the Report's recommendations [ECF No. 30]. Upon full review, and for the reasons stated in the Report, the Court **ACCEPTS** Judge Hunt's Report [ECF No. 27] and **DENIES** Petitioner's Section 2254 petition [ECF No. 1] on the merits.

---

[1] The original Respondent in this case, Mark S. Inch, retired as Secretary of the Florida Department of Corrections on November 19, 2021. Accordingly, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Mr. Inch's successor, Ricky D. Dixon, shall be substituted as the Respondent. *See* Fed. R. Civ. P. 25(d).

**LEGAL STANDARD**

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which objections are made are accorded *de novo* review if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). Any portions of the report and recommendation to which no specific objections are made are reviewed only for clear error. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) ("Most circuits agree that in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (internal quotation marks omitted).

**BACKGROUND**

This order assumes an understanding of the facts as outlined in Judge Hunt's Report [ECF No. 27]. An abbreviated version of the facts as relevant to this Order, and as supplemented herein, is outlined below.

On September 18, 2014, Petitioner was convicted of selling cocaine within 1,000 feet of a school and was sentenced to fifteen years' imprisonment [ECF No. 14-1 pp. 46, 58]. Petitioner timely appealed his conviction, and Florida's Fourth District Court of Appeal (DCA) affirmed his conviction in 2016. *Roberts v. State*, 212 So. 3d 373 (Fla. Dist. Ct. App. 2016). Petitioner subsequently filed a motion for postconviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure, arguing the following: (1) Petitioner was deprived of his fundamental right

to due process and right to a fair trial because the trial court denied an additional continuance and thus purportedly forced Petitioner to proceed to trial without adequate notice; (2) Petitioner's trial counsel was ineffective for failing to move for a mistrial when audio was not muted in a video played before the jury—in violation of a previous court order—where a confidential informant told a detective that the confidential informant purchased a "dime" of cocaine from Petitioner; (3) Petitioner's trial counsel was ineffective for failing to object to the prosecution's alleged bolstering of the confidential informant [ECF No. 14-2 pp. 127–160]; and (4) Petitioner's failure to move to mitigate his sentence following the Fourth DCA's decision affirming his conviction was not a failure that was made knowingly, intelligently or voluntarily. The trial court denied Petitioner's motion [ECF No. 14-2 pp. 195–200], after which the Fourth DCA affirmed in a summary *per curiam* opinion [ECF No. 14-2 pp. 274–75]. Petitioner subsequently filed the instant Petition raising the same four arguments he raised in his Rule 3.850 Petition [ECF No. 1]. Judge Hunt recommends that the instant Petition be denied on the merits [ECF No. 27].

## DISCUSSION

Upon review, and considering Petitioner's generalized objections to the Report rehashing and reincorporating the same arguments raised in the Section 2254 Petition and Reply [ECF Nos. 1, 24, 30], the Court agrees with Judge Hunt's conclusions and addresses each of Petitioner's grounds for relief below.

### I. Petitioner's Objections to Ground 1

As relates to Ground 1, Petitioner objects to Judge Hunt's finding that Petitioner received adequate notice before proceeding to trial. Petitioner argues that when the parties appeared before the trial court on September 15, 2014, for a status hearing, defense counsel was unaware that the case would proceed to trial that day and therefore was unprepared, necessitating a continuance to

allow defense counsel to prepare for trial. The Court agrees with Judge Hunt's finding that Petitioner was not, as he claims, deprived of adequate notice before proceeding to trial [ECF No. 27 p. 10 ("Petitioner's claims that he was forced to trial without any notice is unsupported by the record.")].

It is well-settled law that "broad discretion must be granted trial courts on matters of continuances; only an unreasoning and arbitrary 'insistence upon expeditiousness in the face of a justifiable request for delay' violates the [constitutional] right to the assistance of counsel." *Morris v. Slappy*, 461 U.S. 1, 11–12 (1983) (quoting *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964)). "A motion for continuance is addressed to the sound discretion of the trial court and will not be disturbed . . . unless there is a showing that there has been an abuse of that discretion. . . . When a denial of a continuance forms a basis of a petition for writ of habeas corpus, not only must there have been an abuse of discretion, but it must have been so arbitrarily and fundamentally unfair that it violates constitutional principles of due process. . . ." *Hicks v. Wainwright*, 633 F.2d 1146, 1148 (5th Cir. 1981) (internal citations omitted). Relatedly, according to the Eleventh Circuit, the right to counsel of choice "is 'not absolute' but 'must bend before countervailing interests involving effective administration of the courts.'" *United States v. Jimenez-Antunez*, 820 F.3d 1267, 1270 (11th Cir. 2016) (quoting *Birt v. Montgomery*, 725 F.2d 587, 593 (11th Cir. 1984) (en banc)). "There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process." *Ungar*, 376 U.S. at 589. "The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial court at the time the request is denied." *Id.*

The state court record reveals no abuse of discretion on the part of the trial court in proceeding to trial on September 18, 2014, much less any arbitrary or fundamentally unfair

deprivation of notice sufficient to warrant relief under 28 U.S.C. § 2254(d)(1). Petitioner knew as early as May 29, 2014, that the trial court had scheduled his trial for August 7, 2014 [ECF No. 14-1 p. 17]. Starting on May 14, 2014, Petitioner was represented by Court appointed-counsel, Mr. Conway [ECF No. 14-1 pp. 12–15]. Petitioner and Mr. Conway were present at calendar call on August 7, 2014, during which the court notified them that they should expect trial to commence during the trial period beginning August 18, 2014 [ECF No. 14-1 pp. 18–19]. On August 20, 2014, Petitioner and Mr. Conway appeared before the trial court and were notified that trial was reset to August 25, 2014 [ECF No. 14-1 pp. 20–21]. At 5:00 P.M on August 22, 2014—the Friday before trial was set to commence—Mr. Lopez filed a notice of appearance on behalf of Petitioner and moved for a continuance to a later date so that he would have time to prepare for trial [ECF No. 14-1 pp. 29–31]. On August 25, 2014, Petitioner and Mr. Conway appeared for trial, and Mr. Lopez appeared via a telephonic conference [ECF No. 15-1 pp. 2–3]. Mr. Lopez requested that the Court delay trial until the morning of August 26, 2014, which the trial court denied [ECF No. 15-1 pp. 7–9]. The trial court instructed Petitioner that they would proceed with jury selection that day, and that Petitioner could opt to have Mr. Conway continue to represent him or he could proceed pro se [ECF No. 15-1 pp. 9–10]. Petitioner stated that he had fired Mr. Conway and that Mr. Lopez was his attorney, but Mr. Conway participated in jury selection [ECF No. 15-1 pp. 10–15]. Then, still during jury selection that day (August 25, 2014), Petitioner suffered a heart attack, requiring the trial court to continue the trial again—setting the case for a status on September 15, 2014 [ECF No. 16-1 p. 2]. Fast forward to the morning of September 15, 2014, Mr. Lopez appeared on behalf of Petitioner and was surprised by the trial court's intention to proceed with trial that afternoon[ECF No. 16-1 pp. 3–6]. Trial counsel protested and moved for an unspecified continuance, which the trial court denied [ECF No. 16-1 pp. 6–14]. Despite this denial, trial did

5

not commence until three days later, on September 18, 2014 [ECF No. 17-1], giving Petitioner's trial counsel (Mr. Lopez) more time to prepare.

Based on the procedural history reflected above, Petitioner fails to establish that the trial court's denial of Petitioner's motion to continue on September 15, 2014, "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Distilled down, Petitioner was represented by counsel for months and on the eve of trial decided to change counsel; although the Court denied new counsel's request for a continuance and commenced jury selection, the case did not proceed to trial for another three-and-a-half weeks (August 25 – September 18, 2014), giving Petitioner's new counsel sufficient opportunity to prepare for the one-day trial that ultimately resulted. Petitioner has not shown that the trial court's denial of any further continuance was contrary to or an unreasonable application of federal law. 28 U.S.C. § 2254(d)(1).

Therefore, over Petitioner's objections, the Court adopts Judge Hunt's recommendation to deny the Petition on the merits with respect to Ground 1.

## II. Petitioner's Objections to Ground 2

In Ground 2, Petitioner objects to Judge Hunt's conclusion that Petitioner's trial counsel was not ineffective when he did not move for a mistrial after the State played an inadmissible hearsay portion of audio evidence for the jury. The audio in question was a statement from a confidential informant that the informant purchased a "dime" of cocaine from Petitioner [ECF No. 17-1 p. 83 ("But I got a dime from [Petitioner].")]. Rather than move for a mistrial, Mr. Lopez stated he wanted a curative instruction [ECF No. 17-1 pp. 84–85]. Petitioner argues that the presentation of the inadmissible portion of the audio recording was so damaging that it

invalidated the whole trial, characterizing the trial court's curative instruction as insufficient to correct the State's error [ECF No. 30 pp. 3–4].

The Court agrees with Judge Hunt's conclusion that the State's inadvertent presentation of the inadmissible hearsay portion of the audio "was not so egregious as to invalidate the entire trial" [ECF No. 27 p. 12]. Whether a particular event creates grounds for a mistrial is governed by Florida law, and the Florida Supreme Court has long held that a motion for mistrial should be granted only when an error is so prejudicial that it vitiates the entire trial. *Salazar v. State*, 991 So. 2d 364, 372 (Fla. 2008).[2] Contrary to Petitioner's assertions, the mistake at issue in this ground for relief was not so prejudicial as to vitiate the entire trial. After the State played the inadmissible portion of the audio for the jury, the trial court instructed the jury to disregard that segment of the audio [ECF No. 17-1 p. 85 (The Court: "Ladies and gentlemen of the jury, please ignore the portion of the audio on the tape tape where the person is heard saying, I got a dime from [Petitioner]. Does everyone understand? Yes. Raise your hand if you do not. I am not seeing any hands.")]. *See, e.g.*, *Richardson v. Marsh*, 481 U.S. 200, 211 (1987) (explaining that jurors are generally presumed to follow the court's instructions). Nothing from the record makes the Court doubt that the jury failed to follow the trial court's curative instruction.

Additionally, Petitioner offers no evidence of prejudice and only speculates that the jury was affected by the inadmissible portion of the audio.[3] "*Strickland* places the burden on the

---

[2] The standard is similar under federal law. *United States v. Newsome*, 475 F.3d 1221, 1227 (11th Cir. 2007) ("A mistrial should be granted if the defendant's substantial rights are prejudicially affected. This occurs when there is a reasonable probability that, but for the remarks, the outcome of the trial would have been different.").

[3] It is likely that some jurors did not hear the inadmissible portion of the audio. The jury inquiry form shows a request to review the "video/audio again" while "stand[ing] closer to [the] speakers" because "some jurors could[ not] hear [the recording] clearly" [ECF No. 14-1 p. 44].

defendant, not the State, to show a 'reasonable probability' that the result would have been different" had counsel performed as Petitioner now argues he should have. *Wong v. Belmontes*, 558 U.S. 15, 27 (2009) (quoting *Strickland*, 466 U.S. at 694). Petitioner fails to meet this burden not only because he offers speculative claims of prejudice, *see Hill v. Lockhart*, 474 U.S. 52, 60 (1985) (explaining that conclusory allegations of ineffective assistance of counsel are insufficient to prove *Strickland* prejudice), but also because of other highly probative evidence offered by the prosecution at trial establishing Petitioner's guilt. Such evidence included: (i) Detective Santiago's testimony that he saw Petitioner at the time of the drug transaction [ECF No. 17-1 pp. 34, 38, 82]; (ii) Detective Santiago's ability to make an in-court identification of Petitioner as the person who conducted the drug transaction with the confidential informant [ECF No. 17-1 p. 38]; (iii) the confidential informant's identification of Petitioner on the admissible portion of the audio [ECF No. 17-1 pp. 71, 74]; and (iv) lab results showing that the substance Petitioner gave to the confidential informant was cocaine [ECF No. 17-1 pp. 103, 116]. Petitioner needed to make more than speculative claims of juror impropriety in disregarding the curative instruction to show that there was a reasonable probability that the verdict would have been different had the audio not been played. *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991) ("To justify a post-trial hearing involving the trial's jurors, the defendant must do more than speculate; he must show clear, strong, substantial and incontrovertible evidence . . . that a specific, non-speculative impropriety has occurred." (internal quotation marks omitted)).

Therefore, over Petitioner's objections, the Court adopts Judge Hunt's recommendation to deny the Petition on the merits as relates to Ground 2.

**III. Petitioner's Objections to Ground 3**

As relates to Ground 3, Petitioner objects to Judge Hunt's conclusion that the State's questioning during redirect of Detective Santiago and the State's comments during closing argument did not amount to improper bolstering of the confidential informant. Other than stating that he "objects to the magistrate's findings and conclusions," Petitioner does not present an argument to support his objection here [ECF No. 30 pp. 4–5].

The Court agrees with Judge Hunt's conclusion that Petitioner's trial counsel was not deficient as alleged in this ground. The Court also agrees with Judge Hunt that the State's questioning of Detective Santiago and comments during closing argument did not amount to improper bolstering of the confidential informant [ECF No. 27 pp. 16–17]. In Florida, "[w]ide latitude is permitted in arguing to a jury. Logical inferences may be drawn, and counsel is allowed to advance all legitimate arguments." *Breedlove v. State*, 413 So. 2d 1, 8 (Fla. 1982) (internal citations omitted). Florida's rule is essentially the same as the federal due process standard. "[A] prosecutor may argue both facts in evidence and reasonable inferences from those facts." *Tucker v. Kemp*, 762 F.2d 1496, 1506 (11th Cir. 1985) (citing *Alvarez v. Estelle*, 531 F.2d 1319, 1325 (5th Cir. 1976) *cert. denied*, 429 U.S. 1044 (1977)). "When the prosecutor voices a personal opinion but indicates this belief is based on evidence in the record," the comment is not improper. *United States v. Granville*, 716 F.2d 819, 822 (11th Cir. 1983). A prosecutor improperly bolsters his witness when "the government places its prestige behind the witness, or when the government suggests that information not presented to the jury actually supports the witness's credibility." *United States v. Reeves*, 742 F.3d 487, 502 (11th Cir. 2014).

Petitioner's argument fails on the merits for two reasons. First, the purported improper bolstering in the State's closing argument was not an example of the State "plac[ing] its prestige behind the witness" *id.*; rather, the statement was part of the State's summary of the evidence that

9

had already been presented to the jury. Indeed, the prosecution merely discussed the testimony that an officer provided during the trial [ECF No. 17-1 pp. 166–67 ("This is where you as jurors come together and use your common sense. You didn't hear from an informant because the informant is confidential. And the reason they are confidential is so they can continue to remain confidential. So what did the government do? Well, they gave you an officer who said, I searched her. I gave her $10. She has been proven to be reliable. She went, came back. End of story.") Further, the trial transcript shows that when Detective Santiago characterized the confidential informant's statement as being "completely consistent with what took place," trial counsel did object to Detective Santiago's statement as improper bolstering—an objection the trial court overruled [ECF No. 17-1 p. 104]. Because trial counsel had already unsuccessfully made this objection during the prosecution's case in chief, he was not ineffective for not renewing the objection during closing if he did not think it would be successful. *Brewster v. Hetzel*, 913 F.3d 1042, 1056 (11th Cir. 2019) ("Defense counsel . . . need not make meritless motions or lodge futile objections."). Even if Petitioner had not previously objected to the characterization on which the State based its summary of the evidence, Petitioner's trial counsel focused much of his closing argument on the confidential informant's credibility—or lack thereof [ECF No. 17-1 p. 174]. So, any improper bolstering that may or may not have occurred during the State's closing argument was adequately mitigated by trial counsel's closing argument.

Second, even if an error did occur concerning this ground for relief, it was harmless in light of the overwhelming evidence of Petitioner's guilt previously mentioned herein. For a federal court to grant habeas relief, it must satisfy the prejudicial effect tests from both *Brecht v. Abrahamson*, 507 U.S. 619 (U.S. 2006) and the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *Brown v. Davenport*, 142 S. Ct. 1510 (2022). Here, Petitioner fails to satisfy the

*Brecht* prejudicial effect standard because there is not "more than a reasonable possibility that the error contributed to the conviction or sentence." *Mansfield v. Sec'y, Dep't of Corr.*, 679 F.3d 1301, 1313 (11th Cir. 2012) (citing *Mason v. Allen*, 605 F.3d 1114, 1123 (11th Cir. 2010)).  In other words, even if improper bolstering occurred, this error did not have a "substantial and injurious effect or influence" on the jury's verdict because there was "overwhelming" evidence supporting Petitioner's conviction.  *Mansfield*, 679 F.3d at 1313.[4]

Therefore, the Court adopts Judge Hunt's recommendation to deny the Petition as relates to Ground 3 on the merits over Petitioner's objections.

## IV. Petitioner's Objections to Ground 4

In Ground 4, Petitioner objects to Judge Hunt's conclusion that Petitioner's unknowing failure to file a timely Rule 3.800(c) motion to mitigate sentence does not amount to a violation or a contradiction of federal law [ECF No. 27 pp. 17–18].  Petitioner's argument on this point is that he would have filed such a motion had his counsel informed him of his ability to do so and the trial court might have granted it [ECF No. 1 pp. 40–44].  The Court agrees with Judge Hunt's determination that this ground for relief is meritless.

Florida Rule of Criminal Procedure 3.800(c) states:

> A court may reduce or modify . . . a legal sentence imposed by it, sua sponte, or upon motion filed, within 60 days after the imposition. . . . If review is upon motion, the trial court shall have 90 days from the date the motion is filed or such time as agreed by the parties or as extended by the trial court to enter an order ruling on the motion.  This subdivision shall not be applicable to those cases . . . in which the trial judge has imposed the minimum mandatory sentence or has no sentencing discretion.

Fla. R. Crim. P. 3.800(c).

---

[4] In light of the Court's determination that Petitioner fails to satisfy *Brecht*, the Court need not go further and explore prejudice under AEDPA.

11

The Eleventh Circuit has acknowledged that a Florida prisoner generally cannot appeal the denial of a Rule 3.800(c) motion, and that "no legal standard exists governing the outcome of a Rule 3.800(c) motion." *Rogers v. Sec'y, Dep't of Corr.*, 855 F.3d 1274, 1278 (11th Cir. 2017). Unlike Rule 3.800(a) motions, which directly challenge the legality of a sentence, Rule 3.800(c) motions are requests for leniency. *Baker v. McNeil*, 439 F. App'x 786, 789 (11th Cir. 2011) ("Florida law delineates clearly its motions in separate rules—Rule 3.800(a) seeks relief directed to the legality of the sentence and Rule 3.800(c) requests only pleas for mercy"); *see also Childers v. State*, 972 So. 2d 307, 309 (Fla. Dist. Ct. App. 2008) ("A rule 3.800(c) motion is directed to a circuit court's absolute discretion, and the court's ruling cannot be appealed."). Against this backdrop, Rule 3.800(c) motions appear to be an extraordinary remedy entirely dependent on a judge's discretion. Furthermore, contrary to Petitioner's assertions, the mere fact that Petitioner's trial counsel could have filed a Rule 3.800(c) motion does not mean that Petitioner was entitled to a proceeding on such a motion.

Therefore, the Court adopts Judge Hunt's recommendation to deny the Petition on the merits with respect to Ground 4.

**V. Petitioner's Request for a Certificate of Appealability**

Petitioner's request for a Certificate of Appealability is denied. A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180 (2009). District courts should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). "Where a district court has rejected a petitioner's constitutional claims on the merits," "the petitioner must demonstrate that reasonable jurists would find the district court's

12

assessment of the constitutional claims debatable or wrong." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Reasonable jurists would not find Judge Hunt's rulings debatable. The Court, thus, declines to issue a certificate of appealability.

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows**:**

1. Magistrate Judge Hunt's Report and Recommendation [ECF No. 27] is **ACCEPTED**.

2. Petitioner's Section 2254 Petition [ECF No. 1] is **DENIED** on the merits. No certificate of appealability shall issue.

3. The Clerk is directed to **CLOSE** this case.

4. Final Judgment will follow in a separate order.

**DONE AND ORDERED** in chambers at Fort Pierce, Florida, this 14h day of June 2023.

                                                              **AILEEN M. CANNON**
                                                              **UNITED STATES DISTRICT JUDGE**

cc:     Counsel of record